IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

ANDRE YEAGER,

                     Petitioner,                  Case No. 3:07 CV 131

      -vs-

                                           <u>MEMORANDUM   OPINION</u>

STUART HUDSON,

                     Respondent.

KATZ, J.

      This case involves Petitioner Andre Yeager's writ of habeas corpus and accompanying motions.  The matter is before this Court on the Report and Recommendation (R & R) of Magistrate Judge Vernelis K. Armstrong, Doc. 70, and Petitioner's objections to the R & R, Doc.74.  Respondent Warden Stuart Hudson has not responded to Petitioner's objections.  The Magistrate's R & R recommends that "the Petition for Writ of Habeas Corpus be denied, the Objections to the Assignment of Administrative Track and Automatic Reference of Administrative Action are not well taken and therefore the accompanying requests to these objections be denied, the Motion to Compel Discovery be denied, the Motion to Proceed to Judgment with Hearing be denied, the Application to Proceed without Prepayment of Fees be denied as moot, the Motion for Sanctions [be] denied, [the] Motion for [this Court] to Obtain Transcripts [be] denied and the Motion for Appointment of Counsel [be] denied."  R & R, Doc. 70 at 2.  Petitioner has also filed a motion for judgment on the pleadings on the basis that Respondent did not file a response to Petitioner's objections to the R & R (Doc. 75).

In accordance with *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001), *Hill v. Duriron Co.*, 656 F.2d 1208 (6th Cir. 1981), and 28 U.S.C. § 636(b)(1)(B) & (C), this Court has made a *de novo* determination of the Magistrate Judge's findings to which Petitioner objects.

## I.    Background

The Court hereby adopts the Magistrate's description of the facts of this case as provided in the R & R, and as follows:

### [Conviction] No. 1

On January 24, 2002, Petitioner was indicted on eight counts of breaking and entering and five counts of engaging in a pattern of corrupt activity.  [Doc. 43, Exhibit 1.] Petitioner was arraigned on January 25, 2002 and in February 2002, the indictment was supplemented to include three counts of receiving stolen property.[2] [Doc. 43, Exhibit 2, 5.] Prior to trial, one count of breaking and entering and all three counts of receiving stolen property charges were dismissed.[3]  On April 10, 2002, the jury found Petitioner guilty of four counts of breaking and entering and one count of receiving stolen property.[4]  [Doc. 43, Exhibit 11.]  Petitioner was sentenced on April 24, 2002 to a definite term of twelve months on each breaking and entering count and a definite term of 18 months on the receiving stolen property count, such sentences to be served consecutively for a total sentence of 5½ years.  [*Id*..]  Petitioner filed a notice of appeal in the Court of Appeals for the Ninth Judicial District on May 14, 2002.[5]  [Doc. 43, Exhibit 14.]  On June 17,

---

[2]  Breaking and entering, a felony of the fifth degree, is defined in Section 2913.01 of the Ohio Revised Code. Engaging in a pattern of corrupt activity, a felony in the second degree, is in violation of Section 2923.32(A)(1) of the Ohio Revised Code. Receiving stolen property, a felony of the fourth degree, is in violation of Ohio Rev. Code § 2913.51(A).

[3]  Petitioner filed a motion to suppress certain statements he made to police while in custody on the grounds that he was not advised of his rights established in *Miranda v. Arizona.* Apparently, the motion to suppress was denied.  [Doc. 42.]

[4]  The jury found Petitioner not guilty on three counts of breaking and entering and the jury was deadlocked on the charges of engaging in a pattern of corrupt activity.

[5]  In his subsequently filed brief, Petitioner asserted three claims. First, the confession was illegally obtained in violation of provisions in *Miranda v. Arizona*. Second, he was deprived of his Sixth Amendment right to cross-examine his co-defendant. Third, his conviction was against the manifest weight of the evidence.  [Doc. 42, Ex. 14.]

2002, the trial court granted Petitioner leave to represent himself.[6]  [Doc. 43, Exhibit 35, 37.]

Petitioner filed a motion for acquittal on March 19, 2003, a petition for post conviction relief . . . and a motion to set aside [his] sentence and for new trial on April 7, 2003.  [Doc. 43, Exhibit 43, 44.] On April 9, 2003, the court of appeals overruled Petitioner's assignments of error and affirmed the trial court's judgment of April 24, 2002. [Doc. 43, Exhibit 18.] Petitioner filed a notice of appeal to the Supreme Court of Ohio on May 27, 2003.[7]   [Doc. 43, Exhibit 19.]

Petitioner filed an application to reopen on July 7, 2003 in the court of appeals.[8] [Doc. 43, Exhibit 23.] On July 10, 2003, Petitioner filed a motion for leave to appeal and notice of appeal from the trial court's judgment of conviction entered on April 10, 2002.  [Doc. 43, Exhibit 27.] On July 23, 2003, the court of appeals dismissed the appeal.  [Doc. 43, Exhibit 28.] On July 30, 2003, the Supreme Court of Ohio denied Petitioner leave to appeal and dismissed the appeal.  [Doc. 43, Exhibit 21.]

Petitioner filed a petition for writ of mandamus on September 8, 2003 in the court of appeals.  [Doc. 43, Exhibit 48.] On September 10, 2003, the court of appeals *sua sponte* dismissed the writ.  [Doc. 43, Exhibit 49.] The court of appeals dismissed the petition for writ on September 20, 2003.  [Doc. 43, Exhibit 49.] The Court of Appeals for the Ninth Judicial District denied the July 7 application on September 22, 2003.  [Doc. 43, Exhibit 25.] On September 25, 2003, the trial court denied: the motion for acquittal, motion for post-conviction relief and motion for a new trial. [Doc. 43, Exhibit 46.] On October 16, 2003, the trial court dismissed a second petition for writ of mandamus and motions to reconsider and to amend petition [Doc. 43, Exhibit 52.]

Petitioner filed a notice of appeal in the Supreme Court of Ohio on October 30, 2003.[9]  [Doc. 43, Exhibit 30.] The Supreme Court of Ohio dismissed the appeal on

---

[6]

The court also appointed counsel to "assist" Petitioner with the preparation of his case.

[7]

Petitioner asserted three claims. First, the confession was illegally obtained in violation of provisions in *Miranda v Arizona*. Second, he was deprived of his Sixth Amendment right to cross-examine his co-defendant. Third, his conviction was against the manifest weight of the evidence.  [Doc. 42, Ex. 14.]

[8]

Petitioner claimed that the trial court erred in failing to grant him leave to represent himself. As a result of this failure, Petitioner contends that he was he was deprived of the effective assistance of trial and appellate counsel.

[9]

Petitioner claimed that (1) he was denied the right to represent himself[;] (2) trial counsel failed to renew the motion to suppress during trial[;] (3) appellate counsel failed to object to trial counsel's failure to object to inappropriate

January 21, 2004, as not involving a substantial constitutional question. [Doc. 43, Exhibit 33.] On March 17, 2004, the court of appeals vacated the trial court's decision denying the motion for a new trial and overruled the additional assignments of error finding that Petitioner's notice of appeal divested the trial court of jurisdiction to consider the motion for a new trial. [Doc. 43, Exhibit 56.]

**[Conviction] No. 2**

During the November 2002 term, the grand jury supplemented the indictment for the sixth time with two additional counts of intimidation of a victim or witness.[10] [Dco. 42, Exhibit 35.] On March 12, 2003, a jury rendered a verdict finding Petitioner guilty of engaging in a pattern of corrupt activity and intimidation of a witness. [Doc. 43, Exhibit 40.] Also on March 12, 2003, Petitioner was sentenced to a definite term of six years for engaging in a pattern of corrupt activity and a consecutive definite term of two years [for] a total term of imprisonment of ten years for intimidating a witness.[11] [Doc. 43, Exhibit 41.] Petitioner filed a motion for acquittal in the common pleas court.[12] [Doc. 43, Exhibit 43.] On or about March 16, 2003, Petitioner filed a motion to vacate his conviction and for a new trial in common pleas court.[13] [Doc. 42, Exhibit 44.] Notice of appeal was filed on April 3, 2003, in the Ninth District Court of Appeals.[14] [Doc. 43, Exhibit 57-58.]

---

testimony, impeach witnesses who testified against him or object to his failure to investigate; (4) appellate counsel failed to object to the court's failure to conduct a hearing on Petitioner's motion to disqualify; and (5) appellate counsel failed to argue that the cumulative errors deprived him of a fair trial.

[10]

Intimidation of a crime victim or witness, a violation of OHIO REV. CODE § 2921.04(B), is a felony of the third degree.

[11]

The sentence imposed for engaging in corrupt activity was to be served concurrently with the prior sentence. The sentence imposed for intimidating a witness was to be served consecutively and not concurrently with each other for a total of four years and also consecutively and not concurrently with the sentence imposed for engaging in a pattern of corrupt activity, for a total of ten years.

[12]

This motion made pursuant to FED. R. CRIM. P. 29 alleged that the conviction was based on hearsay, that he was deprived of a fair trial and that he could not be subject to conviction twice for the same offense.

[13]

Petitioner alleged that he was actually innocent. He identified the actual perpetrator, he claimed that he was deprived of the effective assistance of counsel and he was prejudiced by judicial misconduct.

[14]

Petitioner argued that the trial court erred when it failed to (1) secure a valid waiver of counsel, (2) grant his motion for severance of counts for trial purposes, (3) prohibit the admission of expert testimony, (4) prohibit the testimony of an "irrelevant" witness[,] (5) prohibit the prosecutor from introducing evidence of other acts, (6) prohibit the prosecutor from introducing his convictions[,] (7) prohibit the introduction of a "letter" without first establishing an evidentiary foundation, (8) compel the prosecutor to provide full discovery[,] and (9) enforce that portion of the constitution that requires that the state prove the conviction beyond a reasonable doubt.

The court of appeals remanded the case to the trial court.[15]  [Doc. 43, Exhibit 61.] The prosecuting attorney filed a motion to certify the conflict arising from the court of appeals decision in the Supreme Court of Ohio.  [Doc. 43, Exhibit 62.]  The court of appeals certified a conflict to the Supreme Court of Ohio.  [Doc. 43, Exhibit 67.]  On November 10, 2004, the Supreme Court of Ohio reversed and remanded the case to the court of appeals.[16]  [Doc. 43, Exhibit 70.]  On September 21, 2005, the court of appeals affirmed, without hearing, the trial court's decision.  [Doc. 43, Exhibit 77.]  On November 4, 2005, Petitioner filed a notice of appeal in the Ohio Supreme Court.[17]  [Doc. 43, Exhibit 78.]  On February 22, 2006, the Supreme Court of Ohio dismissed the appeal.[18]  [Doc. 43, Exhibit 80.]

While the appeal was pending, on May 31, 2005, Petitioner requested that the trial court issue a writ of habeas corpus *ad testificandum*.  [Doc. 43, Exhibit 103.]  On November 9, 2005, the trial court denied the writ of habeas corpus *ad testificandum*.  [Doc. 43, Exhibit 107.]

In a writ of *procedendo*,[19]  Petitioner requested the trial court to conduct an evidentiary hearing on the motion for a new trial. On August 15, 2005, the court of appeals denied Petitioner's writ of *procedendo* and two pending motions to dismiss.  [Doc. 43, Exhibit 109.]

---

[15]

The case was remanded to address whether waiver of counsel was voluntarily, knowingly and intelligently made.

[16]

On remand, the Supreme Court instructed the court of appeals to consider the assignments of error and proceedings consistent with *State v. Martin*, 103 Ohio St. 3d 385, 816 N. E. 227 (2004). The Supreme Court in *Martin* determined that a criminal defendant has the right to representation by counsel or to proceed pro se with the assistance of standby counsel.  These two rights are independent of each other and may not be asserted simultaneously. *Id.* at 391, 232. The Supreme Court further found that the trial court must substantially comply with CRIM. R. 44(A) and make a sufficient inquiry to determine whether a pro se litigant fully understands and intelligently relinquishes his or her right to counsel. *Id.* at 393, 234-235.

[17]

On remand, the Supreme Court instructed the court of appeals to consider the assignments of error and proceedings consistent with *State v. Martin*, 103 Ohio St. 3d 385, 816 N. E. 227 (2004). The Supreme Court in *Martin* determined that a criminal defendant has the right to representation by counsel or to proceed pro se with the assistance of standby counsel.  These two rights are independent of each other and may not be asserted simultaneously. *Id.* at 391, 232. The Supreme Court further found that the trial court must substantially comply with CRIM. R. 44(A) and make a sufficient inquiry to determine whether a pro se litigant fully understands and intelligently relinquishes his or her right to counsel. *Id.* at 393, 234-235.

[18]

The Supreme Court of Ohio declined jurisdiction to hear the case and dismissed the case as not involving a substantial constitutional question.

[19]

A higher court's order directing a lower court to determine and enter a judgment in a previously removed case. BLACK'S LAW DICTIONARY (8th ed. 2004).

The court of appeals denied Petitioner's motion to reopen.[20]  [Doc. 43, Exhibit 84.] On May 24, 2006, the Supreme Court of Ohio dismissed the appeal.  [Doc. 43, Exhibit 89.]  On November 16, 2006, Petitioner filed a complaint in mandamus in the Supreme Court of Ohio.  The [R]espondent's motion to dismiss the complaint in mandamus was granted on January 24, 2007.  [Doc. 43, Exhibit 116.]

Doc. 70 at 2-7.

Petitioner filed the instant writ of habeas corpus on January 17, 2007.  Doc. 1.  The following twenty-one grounds for habeas relief were initially raised:

**Ground one:** First appeal: Fifth, Sixth, Fourteenth Amendment violations. Trial court erred in denying appellate motion to suppress his alleged confession as there was insufficient evidence presented to the court to establish that appellant was given his full Miranda rights and that he knowingly waived those rights.

**Ground two:** Trial court erred in allowing statement of a co-defendant to be introduced into evidence where the co-defendant did not testify. Sixth Fourteenth Amendment. *Bruton v. U.S.*

**Ground three:** Appellant was denied his federal constitutional right to effective assistance of counsel when counsel was ineffective for not raising defendant was denied his federal right to represent himself at trial in violation of the Sixth, Fourteenth Amendment of United States Constitution.

**Ground four:** Appellant was denied his federal constitutional right when appellant counsel was ineffective for not briefing trial counsel ineffectiveness for not renewing suppression motion in light of L.T. Ball testimony of promises being made exchange for statement. Fifth, Sixth, Fourteenth Amendment violations.

**Ground five:** The defendant appellant was denied his Federal constitutional right to effective assistance of appellant counsel when counsel did not brief-argue trial counsel ineffectiveness for not calling detectives to testify or impeaching Lamar in violation of the Sixth, Fourteenth Amendments of the United States Constitution.

---

[20]

Petitioner argued that he was entitled to a new trial for the reasons that his waiver of counsel was inadequate, trial and appellate counsel were ineffective and he was deprived of counsel at the arraignment.

6

**Ground six:** The defendant was denied effective assistance of appeallate (sic) counsel and at trial during a critical stage in violation of his Sixth, Fourteenth Amendments of U.S. Constitution.

**Ground seven:** The defendant was denied his federal constitutional right to the effective assistance of appellate counsel when counsel did not brief-argue trial counsel ineffectiveness by not having client contact or showing up to investigate the case, the defendant was constructively denied counsel during a critical stage for five weeks in violation of the Sixth, Fourteenth Amendment of the United States Constitution.

**Ground eight:** Defendant was denied effective assistance of appellate counsel when counsel failed to brief-argue trial court refusal to hold hearing on defendant's pro se motion to disqualify counsel and counsel's motion to withdraw because of the differences in violation of his federal constitutional right to effective assistance of counsel, due process of law and equal protection, and fair trial in violation of the Sixth, Eighth and Fourteenth Amendment of the United States Constitution.

**Ground nine:** Defendant denied his federal constitutional right to effective assistance of appellant counsel when he did not brief-argue the cumulative errors denied defendant of a fair trial in violation of his Sixth, Fourteenth Amendment of the United States Constitution.

**Ground ten:** The trial court erred in failing to secure a valid waiver of the Defendant right to counsel and failed to properly advise him of his right to counsel, thereby denying him his right to counsel as guaranteed by the Sixth Amendment and his right to due process of law.

**Ground eleven:** The actual innocent defendant was denied effective assistance of appellate counsel when counsel did not argue or brief that the trial court was without jurisdiction to sentence defendant in violation of the Sixtgh and Fourteenth Amendments of the United States Constitution, Crim. R. 44(B) and Plain Error.

**Ground twelve:** The actual innocent defendant was denied Due Process-Equal Protection when counsel was denied at arraignment in violation of the Sixth and Fourteenth Amendment of the United States Constitution.

**Ground thirteen:** The actual innocent defendant was denied due process and equal protection when he was denied actual and constructive denial of trial counsel from an involuntary, inadequate waiver of counsel in violation of the Fifth, Sixth and Fourteenth Amendments of the United

7

States Constitution.

**Ground fourteen:** The actual innocent defendant was denied due process and equal protection and fair trial when the state suppressed exculpatory evidence in violation of the Sixth, Fourteenth Amendments of United States Constitution.

**Ground fifteen:** The actual innocent defendant was denied effective assistance of counsel when counsel did not brief and argue defendant was denied due process and equal protection when the Ninth District Court violated the Ohio Supreme Court's mandate to grant a new trial and overruled law of the case in violation of the Sixth and Fourteenth Amendments of the United States Constitution.

**Ground sixteen:** The actual innocent defendant was denied effective assistance of appellate counsel when counsel did not separately brief and argue there was insufficient evidence on all elements of engaging in a pattern of corrupt activity in violation of the Fifth, Sixth and Fourteenth Amendments.

**Ground seventeen:** The actual innocent defendant was denied effective assistance of appeal counsel when counsel did not brief and argue defendant was denied due process of law, equal protection when the state impermissibly added an element to the indictment without going to grand jury in violation of the Fifth, Sixth and Fourteenth Amendments of the U.S. Constitution.

**Ground eighteen:** The actual innocent defendant was denied effective appellate counsel when counsel did not brief and argue insufficient evidence to convict of intimidation of Wilfredo Caraballo in violation of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

**Ground nineteen:** The actual innicent (sic) defendant was denied effective assistance of appellate counsel when counsel did not brief and argue Demetrius's recantation of defendants involvement in chas (sic), admitting to committing perjury in the first trial of April 2002, making that trial unfair and conviction invalid due process, and equal protection violation of the Sixth and Fourteenth Amendments of the United States Constitution the defendant was unavoidably prevented from discovering this new evidence.

**Ground twenty:** The actual innocent defendant was denied effective assistance of appellate counsel when counsel did not brief and argue the

8

evidence was insufficient to convict of intimidation of Demetrius in violation of the Sixth and Fourteenth Amendments of the United States Constitution.

**Ground twenty-one:** The actual innocent defendant was denied effective assistance of appellate counsel when counsel should have and did not brief and argue the cumulative effect of all errors denied defendant a fair trial in violation of the Sixth and Fourteenth Amendments of the U.S. Constitution.

Doc. 1.  Additionally, on May 31, 2007, this Court granted petitioner's motion to amend his petition.  Doc. 38.  Petitioner added the following seven grounds for relief:

**Ground twenty-two:** Mr. Yeager was denied his right to a fair trial when the trial court failed to grant motion for severance of counts for trial purposes in violation of his Fifth, Sixth and Fourteenth Amendments of U.S. Constitution.

**Ground twenty-three:** Mr. Yeager was denied due process and his right to a fair trial when the Court denied his request to prohibit the testimony of an undisclosed expert witness.

**Ground twenty-four:** Mr. Yeager was denied Due Process under the Fourteenth Amendment and Fifth Amendment of the Federal Constitution when he was denied his right to a fair trial through the testimony of an irrelevant witness.

**Ground twenty-five:** Mr. Yeager was denied Due Process and right to a fair trial when the prosecution introduced evidence of other acts.

**Ground twenty-six:** Mr. Yeager was denied Due Process of Law and right to a fair trial Fifth and Fourteenth Amendments of the Federal constitution when the prosecutor introduced petitioner's convictions of other acts evidence.

**Ground twenty-seven:** Mr. Yeager was denied Due Process and right to a fair trial in violation of the Fifth and Fourteenth Amendments of Federal constitution when the state introduced letters in the case without any evidentiary foundation.

**Ground twenty-eight:** Mr. Yeager was denied his right to a fair trial and Due Process of Law in violation of the Fifth and Fourteenth

9

Amendments of the Federal constitution when the state failed to provide full discovery.

On December 13, 2007, Magistrate Armstrong issued the R & R, recommending that this Court deny Petitioner's habeas writ, as well as the other motions filed by Petitioner.  Doc. 70. The motions to compel (Doc. 45), to proceed to judgment (Doc. 49), to proceed without prepayment of fees (Doc. 57), for summary judgment and to compel response (Doc. 64), for sanctions (Doc. 67), and for the Court to obtain transcripts (Doc. 68), were filed prior to the Magistrate's issuance of the R & R.  *See generally*, Docket.  The motion for judgment on the pleadings (Doc. 75) was filed subsequent to the R & R.  Upon review of the Magistrate's R & R, this Court hereby adopts the R & R and hereby denies Petitioner's writ of habeas corpus, as well as the accompanying motions.

## II.     Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which amended 28 U.S.C. § 2254, was signed into law on April 24, 1996. In *Lindh v. Murphy,* 521 U.S. 320, 336 (1997), the United States Supreme Court held that the provisions of the AEDPA apply to habeas corpus petitions filed after that effective date. *See also Woodford v. Garceau,* 538 U.S. 202, 210 (2003); *Barker v. Yukins,* 199 F.3d 867, 871 (6th Cir. 1999) ("It is now well settled that AEDPA applies to all habeas petitions filed on or after its April 24, 1996 effective date."). Yeager's petition was filed after AEDPA's effective date.

AEDPA was enacted "to reduce delays in the execution of state and federal criminal sentences, particularly in capital cases, and 'to further the principles of comity, finality, and federalism.'" *Woodford,* 538 U.S. at 206 (citing *Williams v. Taylor,* 529 U.S. 362, 386 (2000)). In advancing such goals, Section 2254(d) placed new constraints on "the power of a federal habeas

10

court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court." *Williams,* 529 U.S. at 412. Section 2254(d) provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

When a Magistrate Judge issues a Report and Recommendation with regard to a petitioner's writ of habeas corpus, a district court reviews such findings *de novo*. *Hill*, 656 F.2d 1208; 28 U.S.C. § 636(b)(1)(B) & (C).

**III.     Analysis**

    **A.     Evidentiary Hearing**

Petitioner argues he is entitled to an evidentiary hearing.  The conditions for granting an evidentiary hearing are enumerated at 28 U.S.C. § 2254 and require that Petitioner's claims rely on either "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or a factual predicate that could not have been previously discovered through the exercise of due diligence."  Moreover, "[a] district court may grant a habeas petitioner an evidentiary hearing if the petitioner 'alleges sufficient grounds for release, relevant facts are in dispute, and the state courts did not hold a full and fair evidentiary

hearing.'" *Parsons v. Money*, 2007 U.S. Dist. LEXIS 13021, at *23 (N.D. Ohio 2007) (citing

*Sawyer v. Hofbauer,* 299 F.3d 605, 610 (6th Cir. 2002)).

This Court agrees with the Magistrate that an evidentiary hearing is not warranted.  *See*

Doc. 70 at 9.  Petitioner does not allege a new rule of constitutional law or a previously

undiscovered factual predicate.  Moreover, there is no argument that relevant facts are in dispute.

As such, this Court will not grant an evidentiary hearing.

### B. Petitioner's Other Various Motions and Objections

#### 1. Objection to the Assignment of Administrative Track

Petitioner objects to the assignment of this case to the Administrative Track.  Doc. 18.

This Court agrees with the Magistrate's construction of this objection as a motion for track

reassignment.  Doc. 70 at 11.

Under the Differentiated Case Management (DCM) system, the Court, after reviewing and

screening all civil case filings, has discretion to file and channel cases to processing tracks which

provide an appropriate level of judicial, staff, and attorney attention.  Civil cases having similar

characteristics are identified, grouped, and assigned to designated tracks.  After the initial track

assignment is made, a track assignment may be adjusted to meet the special needs of a particular

case.  In this case, petitioner's writ of habeas corpus was properly assigned to the Administrative

Track by Chief Judge James G. Carr.  Doc. 13.  Moreover, this Court agrees with the Magistrate's

finding that "Petitioner has failed to show that the Court abused its discretion in designating this

and all habeas cases to the administrative track," and that "Petitioner has failed to demonstrate that

. . . a special need arises for which the Court must adjust the track assignment."  Doc. 70 at 11.

Therefore, Petitioner's motion for track reassignment is denied.

### 2.    Objection to Automatic Reference

Petitioner objects to the assignment of his case for disposition by a Magistrate Judge.  Doc. 19.  This Court agrees with Magistrate Armstrong's construction of the objection as a motion to withdraw the assignment of Petitioner's case to a Magistrate Judge.  Doc. 70 at 12.

Pursuant to 28 U.S.C. § 636(c), a judge may refer a habeas petition to the Magistrate to conduct hearings and to file proposed findings of fact and recommendations for disposition. RULES GOVERNING SECTION 2254 CASES, Rule 8(b).  The Magistrate Judge may perform the duties of a District Judge as authorized under 28 U.S.C. § 636. RULES GOVERNING SECTION 2254 CASES, Rule 10. Pursuant to N.D. OHIO R. 72.2, the Clerk shall refer all *pro se* petitions for habeas corpus filed under section 2254 to a Magistrate Judge for report and recommendation. Such assignment is made pursuant to an order of the Court.  Doc. 16.  This Court agrees with the Magistrate's finding that Petitioner has not presented any evidence "that the District Court Judge abused his discretion in referring the case to a Magistrate Judge, that the Clerk failed to make such referral consistent with Local Rule 72.2 or that the undersigned Magistrate Judge failed to perform the duties of the District Court Judge."  Doc. 70 at 12.  Therefore, Petitioner's motion to withdraw the assignment of the case to a Magistrate Judge is denied.

### 3.    Motion to Compel Discovery

Petitioner has moved for an order compelling Respondent to furnish copies of the transcripts pertaining to the proceedings from which Petitioner seeks relief.  Doc. 45.

Congress has provided a procedural vehicle to effectuate a full disclosure of all relevant and material evidence required to obtain habeas relief.  RULES GOVERNING SECTION 2254 CASES, Rule 5.  Rule 5 permits the trial judge, in his or her discretion to order a respondent to answer the

petition.  RULES GOVERNING SECTION 2254 CASES, Rule 5(a).  The answer must contain whether the petition is barred by a failure to exhaust state remedies, a procedural bar, nonretroactivity or a statute of limitations.  RULES GOVERNING SECTION 2254 CASES, Rule 5(b).  The respondent must indicate what transcripts are available, when they can be furnished and what proceedings have been recorded but not transcribed.  However, the respondent is only required to attach to the answer parts of the transcript that the respondent considers relevant.  RULES GOVERNING SECTION 2254 CASES, Rule 5(c).  The obvious mandatory language of Rule 5(c) places the burden on the state to identify available transcripts or portions thereof that establish the merits of the petitioner's claims.

This Court agrees with the Magistrate's recommendation that requiring the requested transcript in this case would not be useful.  Doc. 70 at 13.  Petitioner has made no showing that the portions of the transcript that are requested are relevant to the habeas review.  Therefore, Petitioner's motion is denied.

### 4.      Motion to Proceed Without Prepayment of Fees

Because the Court has already dealt with the prepayment of fees issue, *see* Doc. 14, Petitioner's motion to proceed without prepayment of fees is denied as moot (Doc. 57).

### 5.      Motion for Sanctions

Petitioner has moved for sanctions against Respondent, and to have Respondent's pleadings stricken from the record.  Doc. 67.  This Court agrees with the Magistrate's recommendation that the motion lacks merit.  Doc. 70 at 20.  "Assuming that Petitioner is referring [to] the Order to Show Cause filed on February 8, 2007 . . . Respondent was granted leave to file his answer before June 26, 2007.  [Doc. 29.]  Respondent complied with the Court's

14

order and filed a Return on June 21, 2007.  [Doc. 42.]"  Doc. 70 at 20.  Consequently, this Court agrees with the Magistrate's finding that "[t]here is nothing in the record to support a finding that Respondent's pleading should be stricken or that the proceedings should be stayed pending compliance with the Court's order."  *Id.*  The motion is denied.

### 6. Motions to Proceed to Judgment and Provide Transcript

Petitioner has moved this Court to obtain, at its own expense, state trial court transcripts in two motions, one titled a "Motion to proceed to judgment . . . [and] to compel discovery" and the other a "Motion for the District Court to obtain transcripts from state court."  Doc. 49, 68.  This Court agrees with the Magistrate's recommendation that these motions be denied.  Doc. 70 at 20. As noted by the Magistrate, the state has apparently provided Petitioner with a transcript, which he cites, and with respect to the claims before the Court, "[t]here is nothing pending for which transcripts are relevant."  *Id.*  The motions are denied (Doc. 49, 68).

### 7. Motion for Appointment of Counsel

Petitioner has moved this Court for appointment of counsel.  Doc. 69.  This Court agrees with the Magistrate's recommendation that Petitioner's motion for appointment of counsel be denied as the issue has already been dealt with at Doc. 23.  Doc. 70 at 20-21.  The motion is denied.

### 8. Motion for Judgment on the Pleadings

Petitioner has filed a motion for judgment on the pleadings on the basis that Respondent did not file a response to Petitioner's objections to the R & R (Doc. 75).  The Court is not obliged to enter judgment in favor of one party merely because the opposing party did not respond.  Such a decision is within the Court's discretion.  In this case, the Court had at its disposal the arguments

on both sides, including a sufficiently written return of writ (Doc. 42) and accompanying exhibits

(Doc. 43, Att. 1-120).  For these and the other reasons enumerated in this memorandum opinion,

and in the R & R, Petitioner's motion is denied (Doc. 75).

      **C.     Petitioner's Writ of Habeas Corpus**

               **1.     Petitioner's Habeas Writ on the First Conviction**

The Magistrate's R & R recommends that this Court deny Petitioner's habeas claims

arising out of the first conviction (Grounds 1-9) because the petition was filed after the statute of

limitations expired.   Doc. 70 at 16.  The AEDPA provides in pertinent part that:

> (d) (1) A 1-year period of limitation shall apply to an application for a writ of
> habeas corpus by a person in custody pursuant to the judgment of a State court. The
> limitation period shall run from the latest of--
>
>    (A) the date on which the judgment became final by the conclusion of direct
> review or the expiration of the time for seeking such review; . . .
>
> (2) The time during which a properly filed application for State post-conviction or
> other collateral review with respect to the pertinent judgment or claim is pending
> shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244.

Petitioner's first conviction occurred on April 10, 2002 and he was sentenced on April 24,

2002.  Doc. 43, Exhibit 11.  The Ohio Supreme Court denied Petitioner leave to appeal and

dismissed the appeal on July 30, 2003, Doc. 43, Exhibit 21, at which time direct review concluded

and the one year statute of limitations for filing a habeas petition began.  Petitioner did not file this

writ until January 17, 2007.  Doc. 1.

Despite filing his petition more than one year after the conclusion of the first conviction's

direct review, Petitioner objects to the Magistrate's recommendation that his petition be dismissed

as untimely for three reasons.  First, noting that each of his two convictions came under a multi-

16

count indictment with the same case number, Petitioner argues that the statute of limitations did not begin to run until the conclusion of the second indictment's direct review.  Doc. 74 at 16-23.

As noted above, the AEDPA initiates the statue of limitations for habeas petitions upon finality of judgment, 28 U.S.C. § 2244(d)(1)(A), and finality of judgment is determined by "the conclusion of direct review or the expiration of time for seeking such review."  *Id*.  Moreover, "[i]n the context of federal habeas corpus law, a 'judgment' means a judgment of conviction, 28 U.S.C. § 2254(a) ('a person in custody pursuant to the judgment of a State court') . . . ."  *Bowling v. Haeberline*, 246 Fed. Appx. 303, 305-06 (6th Cir. 2007) (citing *Rose v. Lundy*, 455 U.S. 509, 519 (1982)).  Notwithstanding the fact that both of Petitioner's convictions came under the same case number, there were two separate convictions, and two entirely distinct processes of direct review.  Direct review on the first indictment concluded when the Ohio Supreme Court denied Petitioner's appeal on April 24, 2002, Doc. 43, Exhibit 21.  Petitioner then initiated a separate process of direct review after being convicted under the second indictment.  Doc. 43, Exhibits 57-58.  He did not seek habeas review on his first conviction, and the first conviction was not part of his appeal on the second conviction.  The statute of limitations applies separately to each conviction upon conclusion of their individual processes of direct review.[1]

Second, Petitioner argues that this Court cannot *sua sponte* dismiss a habeas petition as untimely.  Doc. 74 at 9-23 (citing *Day v. McDonough*, 547 U.S. 198 (2006); *Scott v. Collins*, 286

---

[1]

Petitioner references the Sixth Circuit's decision in *Linscott v. Rose*, 436 F.3d 587 (6th Cir. 2006), which held that "the one-year statute of limitations begins to run on a habeas petition that challenges a resentencing judgment on the date that the resentencing judgment became final**,** rather than the date that the original conviction became final."  *Id*. at 591.  *Linscott* is not applicable, as that case dealt with the re-sentencing of a prisoner on the same conviction, while this case deals with two separate convictions.

17

F.3d 923 (6th Cir. 2002)).  Instead, Petitioner argues that Respondent forfeited the statute of limitations defense when he failed to raise it in his answer to the habeas petition.  Doc. 74 at 10, 14.[2]

In *Day*, the Supreme Court acknowledged that "[o]rdinarily in civil litigation, a statutory time limitation is forfeited if not raised in a defendant's answer or in an amendment thereto."  547 U.S. at 202 (citing FED. R. CIV. P. 8(c), 12(b), and 15(a)).  However, in *Day*, the Supreme Court considered the specific question of "whether a district court may dismiss a federal habeas petition as untimely under AEDPA, despite the State's failure to raise the one-year limitation in its answer to the petition."  *Id*. at 205.  The Supreme Court held in the affirmative.  *Id*. at 209 ("In sum, we hold that district courts are permitted, but not obliged, to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition.").  Thus, notwithstanding Respondent's failure to address the statute of limitations, the Supreme Court has held that this Court may *sua sponte* consider the timeliness of Petitioner's writ.  *Id*; *see also Bowling*, 246 Fed. Appx. 303, 305-06 ; *Humphreys v. U.S.*, 283 Fed. Appx. 134, 140-141 (6th Cir. 2007).

Third, Petitioner argues that this Court cannot dismiss a habeas petition as untimely without first providing notice.  Doc. 74 at 10-11.  Petitioner is correct.  "[B]efore acting on its own initiative [to dismiss a habeas petition as untimely], a court must accord the parties fair notice and an opportunity to present their positions."  *Day*, 547 U.S. at 210 (citing *Acosta v. Artuz*, 221 F.3d 117, 124-125 (2d Cir. 2000); *McMillan v. Jarvis*, 332 F.3d 244, 250 (4th Cir. 2003)).  "Further, the court must assure itself that the petitioner is not significantly prejudiced by the delayed focus

---

[2]

Petitioner argues that Respondent "waived" the statute of limitations defense.  Since Respondent simply failed to assert the defense instead of intentionally relinquishing it, this Court construes Petitioners argument as one of "forfeiture" instead of "waiver."  *See Scott*, 286 F.3d at 927 n.3.

on the limitation issue, and 'determine whether the interests of justice would be better served' by addressing the merits or by dismissing the petition as time barred." *Id.* (citing *Granberry v. Greer*, 481 U.S. 129, 136 (1987)); *see also Bowling*, supra (overturning the district court's dismissal of a habeas petition as untimely because it did not first provide Petitioner with notice). However, Petitioner had fair notice by operation of the Magistrate's R & R and had an opportunity to be heard regarding his objections thereto. *See Wogoman v. Abramajtys*, 243 Fed. Appx. 885, 890 n.4 (6th Cir. 2007) (holding that "Petitioner clearly had notice and an opportunity to argue the issue to the district court" after the Magistrate *sua sponte* recommended dismissing Petitioner's writ of habeas corpus as untimely). Moreover, there is no evidence that Petitioner would be significantly prejudiced by the delayed focus on the limitation issue, nor that the interests of justice would be better served by addressing the merits. Therefore, Petitioner's habeas claims arising out of the first conviction (Grounds 1-9) are barred by the statute of limitations.

### 2.      Petitioner's Habeas Writ on the Second Conviction

The Magistrate's R & R recommends that this Court deny Petitioner's remaining habeas claims arising out of the second conviction (Grounds 10-28) for failure to exhaust state remedies and procedural default. Doc. 70 at 17-20.

With regard to exhaustion of state remedies, a petitioner must meet the exhaustion requirements established in 28 U.S.C. § 2254(b) before seeking federal habeas corpus review. *Caver v. Straub*, 349 F.3d 340, 345 (6th Cir. 2003) (citing *Hannah v. Conley*, 49 F.3d 1193, 1196 (6th Cir. 1995)). "The exhaustion requirement is satisfied when the highest court in the state in which the petitioner was convicted has been given a full and fair opportunity to rule on the petitioner's claims." *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990).

With regard to procedural default, when exhaustion requirements are not met, but the claims would now be procedurally barred by the state courts, the claims are procedurally defaulted for federal habeas corpus purposes unless Petitioner can demonstrate cause and prejudice, or can show that failure to consider the habeas claim will result in a fundamental miscarriage of justice. *Gray v. Netherland*, 518 U.S. 152, 161-62 (1996).

In the instant case, this Court agrees with the Magistrate that Petitioner's habeas claims from his second conviction should be barred for failure to exhaust state remedies and procedural default.  Specifically, while Petitioner raised the claims from his second conviction in his direct appeal, he never raised them in the Ohio Supreme Court.  As such, Petitioner failed to exhaust state remedies, and the claims are barred from being heard by this Court.  Additionally, the claims presented to this Court by Petitioner in his amended petition are inconsistent and are based on different theories than those used throughout the appellate process.  The Sixth Circuit has held that "the doctrine of exhaustion requires that a claim be presented to the state courts under the same theory in which it is later presented in federal court."  *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998) (citing *Pillette v. Foltz*, 824 F.2d 494, 497 (6th Cir. 1987); *Prather v. Rees*, 822 F.2d 1418, 1421 (6th Cir. 1987)).  When the claims presented to the federal court are based on theories distinct from those presented in the state courts, such claims are procedurally defaulted.  *Wong*, 142 F.3d at 322.  As the Magistrate wrote:

> Petitioner was before the Supreme Court of Ohio on appellate review at least four times. Once the question was certified to the Supreme Court, Petitioner failed to seek review of those claims that he initially raised in direct review. In a variety of successive motions-- a writ of habeas corpus *ad testificandum*, a writ of procedendo and a complaint in mandamus-- Petitioner addressed the conflict of law issue with respect to waiver of counsel and the propriety of substituting a written waiver of representation for the waiver of the right to counsel set forth in CRIM R. P. 44. However, in each instance, he failed to address the assignments of error

previously addressed on direct appeal or appellate counsel's failure to address the assignments of error. Instead, Petitioner engaged in a series of arguments focusing solely on the lack of a written notice of waiver. At this juncture, Petitioner has no remaining state remedies and he has failed to exhaust any claims for which he seeks relief.

R & R at 17-18.

On the issue of ineffective assistance of counsel excusing Petitioner's procedural default, the Court also agrees with the Magistrate that a claim of ineffective assistance of counsel generally must "be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default," *Edwards v. Carpenter*, 120 S.Ct. 1587, 1591 (2000) (citing *Murray v. Carrier*, 106 S.Ct. 2639, 2645-46 (1986)), and "in all of [Petitioner's] pleadings, there is no assertion that he presented his claim of ineffective assistance of counsel to any state court either on direct appeal or when seeking post-conviction relief."  R & R at 19.

Petitioner objects to the findings of procedural default and failure to exhaust state remedies, arguing that it is improper for a court to *sua sponte* raise the exhaustion and procedural default bars to a habeas petition.  Doc. 74 at 34, 39.  This argument is incorrect.  Respondent clearly argued exhaustion and procedural default in his response to the habeas petition.  Doc. 42 at 32-34, 39.  Moreover, Petitioner has not made any other sufficient argument to overcome exhaustion or procedural default, and has not demonstrated that there will be prejudice or a fundamental miscarriage of justice should the exhaustion and procedural default bars apply. Consequently, Petitioner's habeas claims arising out of his second conviction are barred.

**IV.     Conclusion**

For the reasons stated herein, the Court hereby adopts the R & R of Magistrate Armstrong (Doc. 70), and denies Petitioner's motion to compel (Doc. 45), motion to proceed to judgment

21

(Doc. 49), application to proceed without prepayment of fees (Doc. 57) (as moot, *see* Doc. 14),

motion for summary judgment and to compel response (Doc. 64), motion for sanctions (Doc. 67),

motion for Court to obtain transcripts (Doc. 68), motion for judgment on the pleadings (Doc. 75),

and application for writ of habeas corpus.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision

could not be taken in good faith, and that there is no basis on which to issue a certificate of

appealability.  28 U.S.C. § 2253; Fed. R. App. P. 22(b).

IT IS SO ORDERED.

                                            s/ *David A. Katz*    
                                            DAVID A. KATZ
                                            U. S. DISTRICT JUDGE