IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

ANDRE YEAGER,

                       Plaintiff,                Case No. 3:07 CV 131

     -vs-

                                              MEMORANDUM   OPINION
STUART HUDSON, Warden,                      AND   ORDER

                       Defendant.

KATZ, J.

This matter is before the Court on the petitioner's motion for a new trial or to alter and amend judgment (Doc. 80), motion for the Court to read pleadings (Doc. 81), motion for the Court to decide all issues on claims 10-21 (Doc. 83), motion to certify orders for immediate appeal hearing (Doc. 84), and fourth supplemental motion (Doc. 85).

**I. Background**

On January 17, 2007, Petitioner Andre Yeager filed a petition for writ of habeas corpus. Magistrate Judge Vernelis K. Armstrong issued a Report and Recommendation ("R & R") on December 13, 2007, which recommended that the district court deny Petitioner a writ of habeas corpus. The Court granted Petitioner's motion for extension of time to respond to the R&R on December 20, 2007. The petitioner was given until January 31, 2008 to respond to the R&R. Petitioner filed his objection to the R&R on January 30, 2008. On February 13, 2008, the petitioner filed for judgment on the pleadings with a request for a hearing. On March 24, 2008, this Court issued a memorandum opinion and order adopting the R&R.  On April 1, 2008 this Court granted Petitioner's motion for extension of time until April 14, 2008 to file a motion for

reconsideration. On April 7, 2008, Petitioner filed a motion for reconsideration of the Court's adoption of the R&R. On April 23, 2008 the petitioner filed a motion for the Court to decide all issues on claims 10, 11-21 on the merits filed by Petitioner. On June 23, 2008, Petitioner filed a request for an "appeal hearing." Petitioner based this motion on the theory that the Court did not properly address his grounds for habeas corpus relief. Specifically, Petitioner complained that the state trial court erred in failing to secure a valid waiver of the petitioner's right to counsel and failed to properly advise him of his right to counsel, thereby denying him his right to counsel as guaranteed by the Sixth Amendment and his right to due process of law. Petitioner filed a fourth supplemental motion to alter and amend and for a new trial on June 23, 2008.

## II. Standard of Review

The Court construes Petitioner's various filings as support for his motion seeking a certificate of appealability (his motion for "appeal hearing"). The Court will consider whether to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c).

The issuance of a certificate of appealability is not a matter of right. Such certificate may issue only if the applicant has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. 2253(c)(2). This statute codifies the standard set forth by the United States Supreme Court in *Barefoot v. Estelle*, 463 U.S. 880, 892-93 (1982), that "probable cause [for an appeal] requires something more than the absence of frivolity and that the standard is higher than the one of the 'good faith' requirement of [28 U.S.C.] § 1915."

Obviously the petitioner need not show that he should prevail on the merits. He has already failed in that endeavor. Rather, he must demonstrate that the issues are debatable among

2

jurists of reason; that a court could resolve the issues in a different manner; or that the questions are "adequate to deserve further encouragement to proceed further." *Id.*

**III. Discussion**

The petitioner has referenced *Linscott v. Rose*, 436 F.3d 587 (6th Cir. 2006) in support of the position that the one year statute of limitations for both the first and second indictments should have begun to run at the conclusion of the second indictment's direct review. Petitioner has also referenced *Wogoman v. Abramajtys*, 243 Fed. Appx. 885, 890 n.4 (6th Cir. 2007) in support of the position that a court cannot dismiss a habeas petition as untimely without first providing notice. Petitioner's arguments basically amount to a contention that these cases as applied are debatable among jurists of reason, and that the questions are adequate to deserve encouragement to proceed further  The Court will grant a limited certificate of appealability with regard to this Court's use and interpretation of *Linscott v. Rose*, 436 F.3d 587 (6th Cir. 2006) and *Wogoman v. Abramajtys*, 243 Fed. Appx. 885 (6th Cir. 2007) to Petitioner's case.

In *Linscott* the Sixth Circuit held that "the one-year statute of limitations begins to run on a habeas petition that challenges a resentencing judgment on the date that the resentencing judgment became final, rather than the date that the original conviction became final." *Linscott*, 436 F.3d at 591. The petitioner argues that *Linscott* supports the position that the statute of limitations should only have begun to run at the conclusion of the direct review of the second indictment.

Petitioner argues that the statute of limitations did not begin to run until the conclusion of the second indictment's direct review. Direct review of the first indictment concluded on April 24, 2202, when the Ohio Supreme Court denied the petitioner's appeal. Petitioner did not seek habeas

3

review of the first conviction. A separate process of direct review was initiated for the second conviction and did not involve the issues that were dealt with in the review of the first conviction. Petitioner cites *Linscott*, supra, which held that "the one-year statute of limitations begins to run on a habeas petition that challenges a resentencing judgment on the date that the resentencing judgment became final, rather than the date that the original conviction became final." *Linscott*, 436 F.3d at 591. This Court determined that *Linscott* did not affect Petitioner, because that case dealt with the re-sentencing of a prisoner on the same conviction, while this case deals with two separate convictions. Memorandum Opinion, Doc. 76 at 17.

Next, the petitioner argues that Respondent forfeited the statute of limitations defense when he failed to raise it in his answer to the habeas petition. The Supreme Court held that district courts are permitted, but not obliged, to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition. *Day v. McDonough*, 547 U.S. 198, 209 (2006). Thus, notwithstanding a respondent's failure to address the statute of limitations, the Supreme Court has held that a habeas court may *sua sponte* consider the timeliness of a petitioner's writ. *Id; see also Bowling*, 246 Fed. Appx. 303, 305-06; *Humphreys v. U.S.*, 283 Fed. Appx. 134, 140-141 (6th Cir. 2007).

The petitioner also argues that the Court cannot dismiss a habeas petition as untimely without first providing notice. The Sixth Circuit has held that after the Magistrate Judge *sua sponte* recommended dismissing Petitioner's writ of habeas corpus as untimely, that petitioner "clearly had notice and an opportunity to argue the issue to the district court." *Wogoman v. Abramajtys*, 243 Fed. Appx. 885, 890 n.4 (6th Cir. 2007). The petitioner argues that the Court misapplied this rule. The petitioner contends that the Court's application of *Wogoman* allows the Magistrate Judge's error in raising an affirmative defense in the R&R to go uncorrected. The

4

petitioner was given fair notice through the Magistrate Judge's R&R as to the Court's position. Petitioner's filings show that he raised his arguments and objections to the Magistrate Judge's opinion. The Court's adoption of the Magistrate Judge's R&R indicates that those arguments were properly considered in the Court's opinion.

The Magistrate Judge recommended that the Petitioner's remaining habeas claims arising out of his second claim be dismissed for failure to exhaust state remedies and procedural default. The petitioner did not raise claims from his direct appeal to the Ohio Supreme Court. Having failed to present those claims to the Ohio Supreme Court, Petitioner has not exhausted all state remedies. Petitioner's claims of ineffective assistance of counsel were not presented to the state court and are therefore procedurally defaulted from being reviewed by this Court. Finally, the petitioner claims that it is improper for the Court *sua sponte* to raise procedural default and failure to exhaust state remedies. The petitioner is incorrect in his belief that the Court *sua sponte* raised these issues. Respondent warden argued exhaustion and procedural default in the response to the habeas petition. The Court did not raise these issues *sua sponte*, but rather they were raised by the parties, making them proper for consideration by the Court. The Magistrate Judge was correct and justified in recommending that the petitioner's habeas claim was denied for procedural default and failure to exhaust state remedies.

The reasoning of the Magistrate Judge and of this Court are sound. Nevertheless, the issues posed by Petitioner as discussed above do raise arguments which may be debatable among jurists of reason, and are adequate to deserve encouragement to proceed further.

**IV. Conclusion**

5

For the reasons discussed herein, Petitioner Yeager's motions are granted in part and denied in part. They are granted only to the extent that the Court grants a certificate of appealability as to the application by the Magistrate Judge and by this Court of the doctrines of *Linscott v. Rose*, supra, and *Wogoman v. Abramajtys*, supra, to Petitioner's situation. All other issues remain as previously dismissed without cause for a certificate of appealability.

IT IS SO ORDERED.

       s/ *David A. Katz*
       DAVID A. KATZ
       U. S. DISTRICT JUDGE